

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-5804
Re: Whether the Comptroller
would be authorized to is-
sue a warrant to the claim-
ant under the stated facts.

     This will acknowledge receipt of your letter of re-
cent date requesting our opinion as to whether you would be
authorized to issue a warrant to the claimant under certain
stated facts, which facts are quoted in part from your let-
ter as follows:

     a. . . ..

     "'Thomas B. Riddle of this City is a Confed-
erate Veteran, now 97 years of age.

     "'In 1932 he applied for and was granted a
pension. Through an error of the then County
Judge John P. Marks' Secretary, who prepared his
application, he was classed as a single man. He
is a very illiterate old person and he signed the
affidavit as prepared and as he was told to do.
On the strength thereof, his pension was only $25.-
00 per month. Since September of this year, how-
ever, he is getting $50.00 per month.

     "'The fact is, and it can be established be-
yond question, that he was at that time a married
man, and as I understand the law, entitled to $50.-
00 per month. His first wife died some time in
1918 or 1919, and he remarried in 1919, and con-
tinued to live with his wife up to some time in
1937, when she died.

     "'It seems clear to me, from these facts which
can be abundantly verified, that he was entitled

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

to $50.00 per month from the time his pension
started to October 1937, when his then wife died,
but due to the error aforesaid he only received
$25.00 per month for this period of nearly five
years.

" . . . ."

Articles 6205, 6208, 6215 and 6221 of Vernon's An-
notated Civil Statutes as they existed from 1932 to 1937, the
dates the claimant under consideration asserts his claim for
past Confederate pension, insofar as pertinent to our ques-
tion, in part read respectively as follows:

"To whom Granted. -- Out of the pension fund
to be created and maintained under the provisions
of Article 6204, as amended, there shall be paid
on the first day of each calendar month a pension
in the amounts provided for in Article 6221 to
every Confederate soldier or sailor whose applica-
tion has heretofore been approved, and also those
who came to Texas prior to January 1, 1928, and
whose application shall hereafter be approved,
. .."

"Application Requirements. -- Person entitled
to a pension under this title shall make applica-
tion for same in writing and under oath to the
county judge of his or her county. Such applica-
tion shall state the name, age, residence of the
applicant, and occupation, if any, and every fact
necessary to entitle the applicant to the pension.
If the applicant is such a soldier or sailor as is
prescribed herein, he shall state in his applica-
tion the company and regiment in which he was en-
listed; if he served in an organization for the
protection of the frontier against Indian raiders
or Mexican marauders, he shall name and identify
such organization; if he were an officer commis-
sioned by the President of the Confederate States
or by the Governor of other proper authority of
this State, in the army, navy, militia or frontier
organization, he shall state the date of his com-
mission and his rank therein; and if detailed di-
rectly under the provisions of the conscript law

for duty in the armories or shops of the Confederate government or for any other labor necessary for the maintenance of the army in the field, or if he served in the Confederate navy, he shall state the time of service in each case. Each applicant shall furnish the testimony of at least one credible witness who personally knows that he enlisted in the service and performed the duties as claimed by him. If he cannot secure the testimony of such witness, he may furnish documents or other evidence of his service. Provided, that where the applicant was born prior to 1851, he may make his proof by submitting to the county judge an affidavit stating his name, age, residence and occupation, if any together with every fact necessary to entitle him to a pension. Such affidavit, when executed, shall be accompanied by a sworn statement of at least two (2) creditable witnesses who have known the applicant for a period of not less than ten (10) years and who are in no way related to or interested in the financial welfare of such applicant, and that he is a creditable person, and that they believe the statements entitling him to a pension are correct and true."

"Payments; affidavits; Warrant. -- The payment of such pension shall be made on the first day of each calendar month to all pensioners whose application for pensions shall have been duly approved as provided by law by warrant drawn by the Comptroller on the State Treasurer, to be paid out of the money appropriated for that purpose as provided by law.

". . .."

"On the first day of each calendar month the Comptroller shall pay to each married veteran who is living with his wife a pension of fifty dollars ($50) per month for as long as they both may live, and after the death of either party, then the said veteran or his widow still living shall only draw an amount equal to other veterans or their widows. To each veteran now unmarried or a widower or widow

who is drawing a pension or whose application may
be hereafter approved, shall be paid the sum of
twenty-five dollars ($25) per month for each year,
and the remainder of said pension fund (after re-
imbursing the general revenue fund for any advance-
ment theretofore made to the pension fund) shall
be equally prorated among all of said pensioners
whose claims to pensions have been established and
filed. All pensions shall begin on the first day
of the calendar month following the approval of
the application."

It appears from these articles that before a person
was entitled to begin receiving a Confederate pension, he was
required to make an application therefor in accordance with
said statutes. Such a conclusion is reached from the reading
of that portion of said Article 6205 which authorizes payment
out of the funds "to every Confederate soldier or sailor whose
application has heretofore been approved, and also those who
came to Texas prior to January 1, 1928, and whose application
shall hereafter be approved," and Article 6215 which provides
for payment by warrant to all pensioners whose application has
been duly approved, and Article 6208 which provides for the
necessary requisites to be put forth in each application.

After an application had been approved, the appli-
cant started receiving a pension in accordance with Article
6221. In other words, an applicant was required to file his
application and have same approved before he began to receive
a monthly sum of money. We believe that it can unequivocal-
ly be stated from the wording of the above statutes and in the
absence of affirmative language to the contrary, that although
a Confederate veteran would have been entitled to a pension
previous to the time he made his application, he was only au-
thorized to receive such pension from the time his application
was approved and not for any time prior thereto. Along the
same line of reasoning we do not believe a person can amend
his application at a later date and thus receive back payments
based upon his amended application.

To hold otherwise in the absence of specific legis-
lation to that effect would lead to the possibility of creat-
ing pandemonium in the Confederate pension system. Those who
could have qualified for a pension but who were tardy or

Honorable George H. Sheppard, page 5

failed to do so could claim payment of the pension they would have received if the proper application at the proper time had been made. In fact, the entire pension system could be thrown into chaos.

Based on the foregoing, we feel constrained to answer your question in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Robert O. Koch_

Robert O. Koch
Assistant

APPROVED FEB 18, 1944

ATTORNEY GENERAL OF TEXAS

ROK:db



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN